IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Jason Kuhlmann, ) | |
| ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| -*vs*- ) | No. 19-cv- |
| ) | |
| Thomas Dart, Sheriff of Cook County ) | |
| and Cook County, Illinois, ) | |
| ) | |
| ) | |
| *Defendants.* ) | |
| ) | |

## COMPLAINT

Plaintiff Jason Kuhlmann, by counsel, alleges as follows:

1. This is a civil action arising under 42 U.S.C. §1983. The jurisdiction of this Court is conferred by 28 U.S.C. § 1343.

2. Plaintiff Jason Kuhlmann was an inmate at the Cook County Jail assigned booking number 20190730139. From July 30, 2019 until approximately September 27, 2019, the plaintiff was incarcerated at the jail.

3. Defendant Sheriff of Cook County is sued in his official capacity.

4. Under Illinois law, the Cook County Sheriff operates the Cook County Jail.

5. Defendants Sheriff of Cook County and Cook County are responsible for the medical needs of detainees at the Cook County Jail.

6. Defendant Cook County controls the budget for the Cook County Jail, provides dental services for persons in the custody of the Jail, and is a necessary party to this action.

7. Inmates at the jail are instructed to submit a health service request form to seek treatment for any dental ailment. The nursing staff at the jail is delegated the responsibility to collect all health service request forms.

8. In Division 6, the nursing staff conducts a paper triage of all health service request forms. In Division 6, all health service request forms seeking dental care are referred to the Division 6 dental clinic. The dental assistant assigned to the Division 6 dental clinic is responsible for scheduling all dental appointments.

9. After entering the jail, the plaintiff began submitting health service request forms seeking treatment for serious dental pain. One form was submitted on August 27, 2019 while the plaintiff was detained in Division 6:

10. This form was collected by the nursing staff on August 28, 2019 and referred to the Division 6 dental clinic the same day. Based on the content of the form, the plaintiff was scheduled for a dental appointment on September 23, 2019.

11. After completing this health service request form, the plaintiff continued to experience severe pain and intense swelling. The plaintiff continued to request jail treatment for severe pain.

12. On September 7, 2019, the plaintiff was evaluated by RN Jeelan Muhammad for severe facial swelling in Division 6. The plaintiff was eventually transferred the same day to Stroger Hospital and diagnosed with vestibular abscess in right maxilla. An incision was made in the area of tooth #6 and the plaintiff was informed to return to Stroger within two days for removal of the drain and dental extractions.

13. During the week of September 9, 2019, the plaintiff was not scheduled and transported to Stroger Hospital for treatment.

14. Sometime after September 15, 2019, the plaintiff was evaluated by a jail dentist, the drain was removed, and at least one tooth was extracted.

15. The plaintiff suffered excruciating pain while waiting for treatment.

16. There are six dental clinics at the Cook County Jail. Defendants are aware from *Smentek v. Sheriff of Cook County*, 09-cv-529, that seven dentists are necessary to adequately staff the jail's dental clinics.

17. Since at least July 3, 2018, defendants have been on notice that the jail is not adequately staffed with dentists to treat urgent dental complaints. On this date Dr. Fauzia Khan, a dentist assigned to the jail, e-mailed Dr. Jorelle Alexander, the Director of Oral Health for Cook County, "If there is a huge demand for care here in Div 8 with only 1 dr and 1 asst and scheduled allotted days for the divisions; then realistically, how can the standard of care be provided in a timely manner ?? It's impossible."

18. After Dr. Khan sent this e-mail, two dentists have stopped working at the jail leaving the Division 6 and Division 5 dental clinics without an assigned dentist.

19. In addition to gross deficiencies in staffing, at all times relevant there have been systemic deficiencies with the scheduling of inmates for dental appointments that

render dental treatment constitutionally inadequate for all inmates with serious dental ailments. Each clinic's dental assistant has complete responsibility to schedule patients for treatment. The dental assistants have no oversight by the clinic's assigned dentist. Routinely, the dental assistants refuse to schedule patients, tell the correctional staff not to bring patients to the clinic, and dictate to the dentist which patients will be treated. It is documented that dental assistants are verbally abusive to staff at the jail and even threaten dentists with physical force.

20. Since at least July 27, 2017, defendants have been on notice the scheduling practices, particularly delegating scheduling decisions to dental assistants, are a barrier to timely care. In an e-mail, Dr. Fauzia Khan acknowledged to Dr. Jorelle Alexander that dental assistants control scheduling, explaining that she has "never ever interfered or given input with scheduling requests. I was told that the assistants had full autonomy over the scheduling and I went along with it."

21. Defendants Dart and Cook County are aware that hundreds of patients at the jail suffer gratuitous dental pain because there are insufficient dentists to treat the demand and because of the policy to delegate scheduling responsibility to the dental assistant.

22. As a direct and proximate result of defendants' failure to correct this obvious defect in the policy of scheduling patients for dental care and the inadequate staffing, plaintiff experienced gratuitous pain and incurred personal injuries and was deprived of rights secured by the Fourth and Fourteenth Amendments to the Constitution of the United States.

23. Plaintiff demands trial by jury on his claim for damages.

It is therefore respectfully requested that the Court award appropriate compensatory damages against defendants and that the costs of this action, including attorney's fees, be taxed against Cook County.

/s/ Patrick W. Morrissey
ARDC No. 6309730
Thomas G. Morrissey, Ltd.
10150 S. Western Ave., Ste. Rear
Chicago, Illinois 60643
patrickmorrissey1920@gmail.com
(773) 233-7900